## Commonwealth *v.* Small, Appellant.

*Judges—Qualifications—Former client—Parties to litigation.*

In litigation before him, a judge is not disqualified by having been counsel of a person who is interested, or whose estate is involved, where he was never consulted relative to the particular matters which are the subject of the cause or proceeding. If there is a material difference between the two causes in parties or issues, he is not disqualified.

Argued April 19, 1923. Appeal, No. 110, Oct. T., 1923, by defendant, from the decree of the Municipal Court, Philadelphia, Domestic Relations Division, No. 23510, dismissing petition to vacate order of support in the case of Commonwealth of Pennsylvania v. Howard Small. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Petition to vacate order of support. Before BROWN, P. J., and McNICHOL, J.

The opinion of the Superior Court states the case.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the order of the court.

*Henry J. Scott,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

December 12, 1922, Howard Small filed in the Municipal Court of Philadelphia County a petition to vacate an order made by that court requiring him to pay $150 per month for the support of his wife. After an answer was filed by the wife, two hearings were held by the president judge of that court, who ordered the notes of testimony transcribed and the record handed to Judge MC-NICHOL for his decision. The latter judge on February 10, 1923, made an order dismissing the petition and directing an attachment to issue against the petitioner. This appeal followed.

We have searched the record in vain for an objection or exception on which to ground any assignment of error raising either of the questions presented by the statement of the questions involved, which are stated thus:

"1. Can the president judge of municipal court sit as judge, take testimony, and rule on questions of evidence in a controversy between litigants, one of whom he represented as counsel prior to his appointment as judge?

"2. Can the president judge of municipal court sit as judge for the purpose of taking testimony between litigants, one of whom he represented as counsel prior to his appointment as judge, and then permit the associate judge of the same court to decide the issue, if the associate judge was not present at the taking of the testimony?" Nor is there an exception to the order appealed from. In this state of the record, we are constrained to dismiss the appeal. We deem it our duty to state, however, that counsel for the appellant seems to have acquiesced in the holding of the hearings before Judge BROWN. He raised no objection until he filed his petition in this court for a supersedeas. He conceded at the bar of this court in his argument that Judge BROWN had never been concerned as attorney or counsel for either of the parties, in the cause in controversy or any matter touching the same. He insisted that because Judge BROWN represented the wife in the settlement of an estate prior to

her marriage, he was forever ineligible to sit as judge when she was a party to the suit. To this we cannot subscribe. The rule is correctly stated in 23 Cyc. 588. "A judge is not disqualified by having been counsel of a person who is interested, or whose estate is involved, where he was never consulted relative to the particular matters which are the subject of the cause or proceeding before him. If there is a material difference between the two causes in parties or issues he is not disqualified."

The appeal is dismissed.